The opinion of the court was delivered by
Breaux, J.
Plaintiffs sued the defendants and in their, petition alleged that on the 1st day of January, 1889, the steamer Natchez was destroyed by striking a hidden obstruction in the Mississippi river at or near Lake Providence.
That the loss was within the terms of the policies of insurance held by them; that the defendant companies through their agent and representative were duly notified by the superintendent of the company of the loss, and he afterward abandoned the wreck to the defendant companies through their agent, who took charge of the wreck.
That it was the duty of the agents, and their agreement also, immediately to proceed to the salvage and relief of the wreck for the benefit of the insurers and the insured.
That in violation of their duty, and in collusion against petitioner, the agents delayed and neglected to take any steps toward the salvage of the wreck, for which they had ample time, until the river rose and caused said wreck to go to pieces and rendered the salvage impossible, without due notice to plaiatiff.
That had the agents immediately proceeded to the salvage of the wreck there could have been saved property to the value of at least $43,000, of which plaintiffs’ share under the terms of the policies would have been two-thirds.
*1423 The defendant filed an exception of no cause of action.
It was sustained by the District Court.
On appeal to this court the judgment of the District Court was affirmed. That ended the ease.
The position of the plaintiffs, as we interpreted it, was that the steamer was abandoned to the agents of the defendant companies and that owing to the negligence of these agents the wreck became a total loss.
Assuming for the trial of the exception of no cause of action that there was negligence, we held (in the case 44 An. 714) that, within the terms of the policies, these agents acted for all parties concerned. That whether the agent was the master, the supercargo, or an appointed agent within the policy, hfe acted for the insured to the extent of his interest, and represented the quasi partnership (insured and insurer) quoad the wreck and his acts were for account of the partnership; that one of the partners, the insured, could not hold the other, the insurer, responsible for the acts of the common agent.
The authorities upon the subject do not announce the principle that under the terms of a policy it is the duty of the insurer to proceed immediately to save the wreck and account to the insured for his share; nor that it is incumbent upon the insurer to follow the vessel insured in order to be prepared to save the wreck for the benefit of the insured, but that it is the duty of the master, after abandonment, to save the wreck for the benefit of the insured and the insurer.
This was the theory of the decision, and controlled in affirming the decision of the court a qua.
While examining the ease óur attention was attracted by the allegation that it was the duty of the agents - and their agreement also (heretofore italicized by us), also by the statement in plaintiffs’ brief:
“ But superadded to the obligation of defendants under the policies and the abandonment under it, plaintiffs allege that defendants, through their agent, agreed to undertake the salvage of the boat for the benefit of themselves and of petitioner.”
All the issues arising under the policies were finally decided and reported in 44 A.
But we determined, if there was a separate agreement, to reserve to plaintiff his right to sue on account of its violation under sufficient allegations.
*1424 This reservation was to enable them to sue in a separate and distinct suit.
The action of the District Oourb was correct and must be affirmed.
The judgment appealed from is affirmed at appellant’s costs.